UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO
_____

GLORIA BURKHAM ANAYA, as
personal representative of the estate of
THOMAS WAYNE BURKHAM,

     Plaintiff,

v.                                                                                        Civ. No. 98-380 BRB/WWD

OFFICER RUBEN MONTEZ, individually
and in his official capacity; and VILLAGE
OF LOVING, NEW MEXICO,

     Defendants.

MEMORANDUM OPINION AND ORDER

     This matter is before the court on Defendants' motion to dismiss the complaint.
See Fed. R. Civ. P. 12(b)(6).   Plaintiff has filed a memorandum opposing the motion.
Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants Ruben
Montez, individually and in his official capacity, and the Village of Loving violated the
Fourth and Fourteenth Amendments of the United States Constitution when Montez shot
and killed Thomas Wayne Burkham.  Plaintiff also invokes the court's supplemental
jurisdiction under 28 U.S.C. § 1367 to bring state law claims for assault and battery, and
wrongful death.   Plaintiff seeks compensatory and punitive damages from Defendants.

I. Background

     Plaintiff, the mother of Burkham and personal representative of his estate, alleges
that Montez, an officer of the Loving Police Department, killed her son on March 28,

1997.   The complaint sets forth the following facts.  Montez was dispatched to

Burkham's home to check on his welfare.   While in the home, Montez fired several shots

at Burkham, killing him.  Plaintiff alleges that Montez violated Burkham's Fourth and

Fourteenth Amendment rights by using "unnecessary, unreasonable and excessive force"

which was "unjustified, unprivileged and unconsented [sic] to."  Plaintiff also alleges that

the Village of Loving is liable for Montez's acts because the city negligently hired him and

failed to adequately "train, supervise and control" him.

        In their motion to dismiss, Defendants assert that (1) the complaint fails to state a

Fourteenth Amendment substantive due process claim; (2) Montez is entitled to qualified

immunity; (3) the complaint fails to state a Fourth Amendment municipal liability claim

against the Village of Loving; (4) the complaint fails to state a claim under the New

Mexico Tort Claims Act ("NMTCA") because timely notice was not provided to

Defendants as required under N.M. Stat. Ann. § 41-4-16; and (5) Plaintiff may not recover

punitive damages under § 1983 or the NMTCA.

        In ruling on a 12(b)(6) motion to dismiss, the court must construe the complaint in a

light most favorable to the plaintiff and accept the allegations asserted in the complaint as

true.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The court may not grant a motion

to dismiss for failure to state a claim upon which relief may be granted unless it "appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-56 (1957).  The court may

not weigh potential evidence that the parties might present at trial.  Instead the court must

2

assess whether Plaintiff's complaint is legally sufficient to state a claim upon which relief

may be granted.  Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).

A  heightened pleading standard applies, however, to Montez's qualified immunity

defense.  Breidenbach v. Bolish, 126 F.3d 1288, 1293 (10th Cir. 1997).  Where qualified

immunity is raised in a 12(b)(6) motion, the complaint must contain "specific, non-

conclusory allegations of fact sufficient to allow the district court to determine that those

facts, if proved, demonstrate that the actions taken were not objectively reasonable in light

of clearly established law."  Id.  In contrast, this heightened standard does not apply to the

claim against the Village of Loving.  Leatherman v. Tarrant County, 507 U.S. 163, 164

(1993) (heightened pleading standard may not be applied to § 1983 claims alleging

municipal liability).

## II. Fourteenth Amendment

Defendants argue that Plaintiff failed to state a Fourteenth Amendment substantive

due process claim against Montez and the Village of Loving.[1]  Plaintiff alleges that the use

of excessive force by Montez violated the Fourteenth Amendment.  A claim that a law

enforcement officer used excessive force in the arrest or other seizure of a citizen "should

be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than

---

[1]The complaint does not explicitly refer to substantive due process, but merely
states that Defendants violated the Fourteenth Amendment.  The complaint, however,
contains no factual allegations which raise either a Fourteenth Amendment procedural due
process or equal protection claim.   Therefore, the court will presume that Plaintiff
intended to allege a substantive due process claim.  The court also notes, however, that
Plaintiff may have merely included the Fourteenth Amendment to remind the court of the
applicability of the Fourth Amendment to state action.  See Soldal v. Cook County, Ill., 506
U.S. 56, 61 (1992).

under a 'substantive due process' approach."  Graham v. Connor, 490 U.S. 386, 395

(1989).   Where as here, "a particular amendment provides an explicit textual source of

constitutional protection" the claim arises not under substantive due process, but under the

distinct amendment.  Id.; see also County of Sacramento v. Lewis, 118 S.Ct. 1708, 1714

(1998).  Consequently, the court will grant Defendants' motion to dismiss in regard to

Plaintiff's Fourteenth Amendment substantive due process claim, and will analyze

Plaintiff's § 1983 excessive force claim solely under the Fourth Amendment.

### III. Qualified Immunity

Defendants argue that Montez, in his individual capacity, is entitled to qualified

immunity.  Qualified immunity spares a defendant the burden of proceeding with the

litigation unless the plaintiff can show that a defendant violated "clearly established

statutory or constitutional rights of which a reasonable person would have known."

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Once Defendants raised the qualified

immunity defense, the burden shifted to Plaintiff to show that Defendants violated clearly

established law.  Breidenbach, 126 F.3d at 1291.  To withstand a qualified immunity

defense, Plaintiff must "identify a clearly established . . . constitutional right of which a

reasonable person would have known, and then allege facts to show that the defendant's

conduct violated that right."  Id.   At the motion to dismiss stage, the qualified immunity

analysis is limited to Defendants' conduct as alleged in the complaint.  See Behrens v.

Pelletier, 516 U.S. 299, 309 (1996).   If the complaint does not contain allegations of

requisite specificity, Plaintiff "must amend his or her complaint to include specific, non-

conclusory allegations of fact." Breidenbach, 126 F.3d at 1292. In this case, Plaintiff did not amend the complaint after Defendants raised the qualified immunity defense.

### A.

First, the court must determine whether the law regarding a police officer's use of deadly force was clearly established at the time of the alleged constitutional violation. See Breidenbach, 126 F.3d at 1291. In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clear weight of authority from other courts "must have found the law to be as the plaintiff maintains." Medina v. City and County of Denver, 960 F.2d 1493, 1498 (10th Cir. 1992).

The Fourth Amendment guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures." U.S. Const. amend. IV. Thus, a Fourth Amendment excessive force claim requires a showing that an "unreasonable seizure" occurred. Brower v. Inyo County, 489 U.S. 593, 599 (1989). If a police officer "restrains the freedom of a person to walk away, he has seized that person." Tennessee v. Garner, 471 U.S. 1, 7 (1985). Without question, if deadly force is used an individual is "seized" for purposes of the Fourth Amendment. See id. Furthermore, an officer may justifiably use deadly force only if the officer had probable cause to believe that there was a threat of serious physical harm to himself or others. Garner, 471 U.S. at 11; Sevier v. City of Lawrence, Kan., 60 F.3d 695, 699 (10th Cir. 1995). The reasonableness of the use of deadly force depends on whether the officer was "in danger at the precise moment that [he] used force and on whether Defendant's own reckless or deliberate conduct during the seizure unreasonably

created the need to use such force."  See Thompson v. City of Lawrence, Kan., 58 F.3d
1511, 1516 (10th Cir. 1995).  This standard is an objective one, without regard to the
officer's intent or motivation.  Graham, 490 U.S. at 397.  In light of the foregoing case law,
the court concludes that in 1997 the law was clearly established that an officer's use of
deadly force, without probable cause to reasonably believe that the officer or others were
in danger, violates the Fourth Amendment.

B.

Next, the court must determine whether Plaintiff has alleged "facts sufficient to
demonstrate that Defendant's conduct was 'objectively unreasonable' in light of clearly
established law."  Breidenbach, 126 F.3d at 1292.  Although the court construes the facts
and reasonable inferences drawn from them in favor of Plaintiff,  Plaintiff must do more
than "identify in the abstract a clearly established right and allege that the defendant
violated it."  Romero v. Fay, 45 F.3d 1472, 1475 (10th Cir. 1995).   Plaintiff must
"articulate a clearly established constitutional right and the . . . conduct which violated that
right with specificity."  Id.   The complaint must include "all the factual allegations
necessary to sustain a conclusion that defendant violated clearly established law."  Sawyer
v. County of Creek, 908 F.2d 663, 667 (10th Cir. 1990).   Plaintiff's complaint falters
under this heightened pleading standard, which, as the Tenth Circuit explained in
Breidenbach, "requires that a plaintiff do more than assert bare allegations of a
constitutional violation."  Breidenbach, 126 F.3d at 1293.

In the present case, Plaintiff's complaint fails to allege any specific facts to support

6

the claim that Officer Montez acted unreasonably when he shot the decedent.   Plaintiff

alleges the following:  "On or about March 28, 1997, Loving Police Officer Ruben Montez

was dispatched to the home of the decedent to check on his welfare.  In the course of his

contact with the Plaintiff's decedent, Defendant Montez failed to exercise reasonable

control of the situation and ultimately fired several shots at the decedent killing him.

Defendant Montez failed to use generally accepted proper police procedures and

techniques in dealing with the decedent."   The complaint also alleges that the shooting

was "without justification" and "unprivileged."   The complaint contains no other

allegations regarding Officer Montez's conduct.   There are no factual allegations to

support Plaintiff's bare assertion that the shooting was unjustified.  Plaintiff failed to allege

any facts in support of an inference that the decedent was <u>not</u> a threat to Officer Montez or

others.  Plaintiff does not allege what occurred in the decedent's home prior to or at the

time of the shooting, or even that the decedent was unarmed.  The complaint simply does

not contain specific allegations which, if proved, would allow the court to conclude that

Officer Montez violated the Fourth Amendment.   Under the standard set forth in

<u>Breidenbach</u>, the court cannot "subject a government official to discovery based on a

complaint which is supported only by conclusory allegations and speculation of a

constitutional violation."  <u>Breidenbach</u>, 126 F.3d at 1293.   Thus, Officer Montez is

entitled to qualified immunity and the Fourth Amendment claim against him will be

dismissed.

IV. § 1983 Municipal Liability

Plaintiff also brings a § 1983 Fourth Amendment claim against both the Village of Loving and Officer Montez in his official capacity.[2]  A suit against a municipal employee acting in his official capacity is the equivalent of a suit against the municipality itself. Brandon v. Holt, 469 U.S. 464, 472 n.21; Watson v. City of Kansas City, Kan., 857 F.2d 690, 695 (10th Cir. 1988).  Therefore, the court will concurrently address Plaintiff's claim against the Village of Loving and the claim against Montez in his official capacity.

To state a claim against the Village of Loving, Plaintiff cannot rely upon the theory of respondeat superior.  Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978). Plaintiff must show that a policy or custom of the Village caused the alleged constitutional violation.  McMillian v. Monroe County, Ala., 117 S.Ct. 1734, 1736 (1997).   In the present case, Plaintiff alleges that the Village of Loving is liable under § 1983 because it failed to adequately train and supervise Officer Montez.

The inadequacy of police training may result in § 1983 liability only if the inadequacy constitutes "deliberate indifference to the rights of persons with whom the police come into contact."  City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). Thus, a municipality's failure to train must reflect a "deliberate" or "conscious" choice. Only then does the municipality's action become a "policy" giving rise to § 1983 liability. See id. at 389.

In this case, the court must first determine the effect of Montez's qualified

_____

[2] Plaintiff also brings suit against Montez in his individual capacity.  See supra Part III.

8

immunity on the Village of Loving's liability.  The defense of qualified immunity does not always shelter a municipality from liability.  Medina, 960 F.2d at 1499-1500.  When a finding of qualified immunity is predicated on the basis that the law is not clearly established, "there is nothing anomalous about allowing such a suit [against the municipality] to proceed when immunity shields the individual defendants."  Watson v. City of Kansas City, Kan., 857 F.2d 690, 697 (10th Cir. 1988).  In contrast, where qualified immunity is based upon a finding that the officer's conduct did not amount to a constitutional violation, a municipality is relieved of liability.  See Hinton v. City of Elwood, Kan., 997 F.2d 774, 783 (10th Cir. 1993).

This court has already concluded that Officer Montez is entitled to qualified immunity because Plaintiff failed to allege facts sufficient to establish a constitutional violation.  Because the court predicated qualified immunity upon the lack of a constitutional violation and not on a finding that the law was not clearly established, municipal liability is precluded.  See Hinton, 997 F.2d at 783.  Accordingly, the court will dismiss the § 1983 Fourth Amendment claim against the Village of Loving.

V. State law claims

Plaintiff also raises several state law claims against Defendants.  According to 28 U.S.C. § 1367(c)(3), a court may decline to exercise supplemental jurisdiction if the court has dismissed all claim over which it has original jurisdiction.  See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1237 (10th Cir. 1997).  Because the court will dismiss all of

Plaintiff's federal claims against Defendants, the court, in its discretion, will also decline to exercise supplemental jurisdiction over Plaintiff's state law claims and will dismiss those claims without prejudice.

Accordingly,

IT IS HEREBY ORDERED that Defendants' Fed. R. Civ. P. 12(b)(6)  motion to dismiss the complaint is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Fourth and Fourteenth Amendment claims against OFFICER RUBEN MONTEZ, individually and in his official capacity, and the VILLAGE OF LOVING, NEW MEXICO, are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's state law claims against OFFICER RUBEN MONTEZ and the VILLAGE OF LOVING, NEW MEXICO, are DISMISSED WITHOUT PREJUDICE.

Judgment will be entered accordingly.

So ordered this 20th day of August, 1998.


Bobby R. Baldock
UNITED STATES CIRCUIT JUDGE
Sitting by Designation


Attorneys of Record:

James W. Klipstine, Jr., Hobbs, New Mexico, for Plaintiff.

Tila F. Hoffman, Tila Fleming Hoffman, P.C., Albuquerque, New Mexico, for Defendants.

10