UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

GLORIA BURKHAM ANAYA, as
personal representative of the estate of
THOMAS WAYNE BURKHAM,

    Plaintiff,

v.

OFFICER RUBEN MONTEZ,
individually and in his official capacity;
and VILLAGE OF LOVING, NEW
MEXICO,

    Defendants.

No. 98–CV-380 BRB/WWD

MEMORANDUM AND ORDER

    This matter is before the Court on Defendant Village of Loving, New Mexico's motion to dismiss the first amended complaint. See Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a memorandum opposing the motion. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants Ruben Montez, individually and in his official capacity, and the Village of Loving violated the Fourth and Fourteenth Amendments of the United States Constitution when Montez shot and killed Thomas Wayne Burkham. Plaintiff also invokes the Court's supplemental jurisdiction under 28 U.S.C. § 1367 to bring state law claims for assault and battery, and wrongful death. Plaintiff seeks compensatory and punitive damages from Defendants.

    On August 20, 1998, the Court granted Defendants' motion to dismiss the original

complaint and granted judgment in favor of Defendants. Plaintiff filed a motion to alter or amend judgment, which the Court granted on October 23, 1998. The Court also granted Plaintiff leave to file an amended complaint. On November 17, 1998, Plaintiff filed an amended complaint. On December 30, 1998, the Village of Loving filed the instant motion to dismiss, asserting that the amended complaint fails to state: (1) a claim for municipal liability; (2) a claim under the New Mexico Torts Claims Act ("NMTCA") because timely notice was not provided to Defendants as required under N.M. Stat. Ann. § 41-4-16; and (3) a claim for punitive damages under either § 1983 or the NMTCA.[1]

I. Background

Plaintiff, the mother of Burkham and personal representative of his estate, alleges that Montez, an officer of the Loving Police Department, killed her son on March 28, 1997. The complaint sets forth the following facts. Montez was dispatched to Burkham's home to check on his welfare because he was despondent and threatening suicide. Upon arrival at the scene, family members informed Montez that the decedent had fought with his girlfriend, had been drinking and was threatening suicide. Montez,

---

[1] Defendant also argues that Plaintiff failed to state a Fourteenth Amendment substantive due process claim. The amended complaint does not refer to a substantive due process claim. Instead, Plaintiff refers to the Fourteenth Amendment in conjunction with his Fourth Amendment claim for use of excessive force. Therefore, the Court concludes that *no* Fourteenth Amendment substantive due process claim is raised in the amended complaint and that Plaintiff included the reference to the Fourteenth Amendment to demonstrate to the court the applicability of the Fourth Amendment to state action. See Soldal v. Cook County, Ill., 506 U.S. 56, 61 (1992). Regardless, an excessive force claim is properly brought and analyzed under the Fourth Amendment, not under substantive due process. See Graham v. Connor, 490 U.S. 386, 395 (1989).

without requesting back-up or other assistance, entered the home with his weapon drawn and accompanied by Burkham's mother and sister. While in the home, Montez fired several shots at Burkham, killing him. Plaintiff alleges that Montez violated Burkham's Fourth Amendment rights by using "unnecessary, unreasonable and excessive force" without justification. Plaintiff also alleges that the Village of Loving is liable for Montez's acts because the village hired Montez when he was "not qualified to be a police officer" and failed to adequately "train, supervise and control" him.

## II. Analysis

In ruling on a 12(b)(6) motion to dismiss, the court must construe the complaint in a light most favorable to the plaintiff and accept the allegations asserted in the complaint as true. See e.g., Warth v. Seldin, 422 U.S. 490, 501 (1975). The court may not grant a motion to dismiss for failure to state a claim upon which relief may be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." McLain v. Real Estate Bd. of New Orleans, Inc., 444 U.S. 232, 246 (1980). The court may not weigh potential evidence that the parties might present at trial. Instead the court must assess whether Plaintiff's complaint is legally sufficient to state a claim upon which relief may be granted. Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).

### A. § 1983 Municipal Liability

Plaintiff brings her § 1983 claim against both the Village of Loving and Officer

Montez in his official capacity.[2] A suit against a municipal employee acting in his official capacity is the equivalent of a suit against the municipality itself. Brandon v. Holt, 469 U.S. 464, 472 n.21 (1985); Watson v. City of Kansas City, Kan., 857 F.2d 690, 695 (10th Cir. 1988). Therefore, the court will concurrently address Plaintiff's claim against the Village of Loving and the claim against Montez in his official capacity.

To state a claim against the Village of Loving, Plaintiff cannot rely upon the theory of respondeat superior. Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978). Plaintiff must show that a policy or custom of the Village caused the alleged constitutional violation. McMillian v. Monroe County, Ala., 117 S.Ct. 1734, 1736 (1997). In the present case, Plaintiff alleges that the Village of Loving is liable under § 1983 because it failed to adequately train and supervise Officer Montez. Plaintiff further alleges that by hiring Officer Montez, the Village of Loving "hired a person not qualified to be a police officer."

The inadequacy of police training may result in § 1983 liability only if the inadequacy constitutes "deliberate indifference to the rights of persons with whom the police come into contact." City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). Thus, a municipality's failure to train must reflect a "deliberate" or "conscious" choice. Only then does the municipality's action become a "policy" giving rise to § 1983 liability. See id. at 389. Thus, to establish a failure to train claim against the Village, Plaintiff

---

[2] Plaintiff also brings suit against Montez in his individual capacity. The claims against Montez in his individual capacity are not at issue in this motion to dismiss.

must show that (1) the use of force exceeded constitutional limitations; (2) the use of force arose under circumstances that constitute a usual and recurring situation; (3) the inadequate training demonstrates a deliberate indifference by the city toward the public; and (4) a direct, causal link exists between the constitutional deprivation and the inadequate training. Allen v. Muskogee, Okl., 119 F.3d 837, 841-42 (10th Cir. 1997).

The court may not grant Defendants' 12(b)(6) motion to dismiss unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Under the liberal pleading requirements of Fed. R. Civ. P. 8(a), Plaintiff must set forth in the complaint "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). The Tenth Circuit has interpreted this requirement to mean that "factual pleading is required only insofar as it is necessary to place a defendant on notice as to the type of claim alleged and the grounds upon which it rests, thereby enabling a defendant to prepare a responsive pleading." Mountain View Pharmacy v. Abbott Laboratories, 630 F.2d 1383, 1388 (10th Cir. 1980). A complaint is subject to dismissal under 12(b)(6) only if it fails to meet this liberal standard. See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (2d ed. 1990).

Applying these standards, Plaintiff's claim against the City of Loving withstands Defendants' 12(b)(6) challenge. In the amended complaint, Plaintiff alleges that the Village is "directly liable for the acts of Officer Ruben Montez in shooting and killing [decedent] in that it hired a person not qualified to be a police officer and failed to

adequately train, supervise and control police officers, including Officer Ruben Montez, in its employ." Plaintiff further alleges that Montez had been terminated from previous employment as a law enforcement officer for misconduct and that the Village of Loving was aware of the termination. In addition, Plaintiff alleges that despite knowledge of "the deficiencies and conduct of Officer Montez, . . . the Village of Loving offered no additional training or counseling to Officer Montez before placing him in a position where he would have contact with [the decedent]." Accepting these allegations as true, these facts sufficiently set forth a claim against the Village of Loving, and give Defendants fair notice of its basis. Consequently, the court denies Defendants' 12(b)(6) motion to dismiss the § 1983 claim against the Village of Loving.

## B. New Mexico Tort Claims Act

Defendants argue that the complaint fails to state a claim under the NMTCA because Plaintiff failed to provide timely notice to Defendants. The NMTCA requires that Plaintiff provide Defendants with notice of a loss or injury within "ninety days after an occurrence giving rise to a claim." N.M. Stat. Ann. § 41-4-16 (Michie 1978). The statute further provides that failure to give timely notice deprives the court of jurisdiction over the claims unless Defendants had actual notice of the occurrence. N.M. Stat. Ann. 41-4-16(B) (Michie 1978).

In this case, Defendants assert that notice was untimely because Plaintiff provided notice more than six months after the alleged tortious act was committed. In the amended complaint, however, Plaintiff alleges that "timely notice was given to the Village of

Loving pursuant to Section 41-4-16." When ruling on a 12(b)(6) motion to dismiss, the court must accept the allegations pleaded in the complaint as true. See Scheuer, 416 U.S. at 236. Thus, the court must accept Plaintiff's allegations regarding timely compliance and may not dismiss Plaintiff's NMTCA claims on this ground.

## C. Punitive Damages

Defendants also argue that Plaintiff may not recover punitive damages under § 1983 or the NMTCA. First, it is well settled that municipalities are immune from punitive damages under § 1983. See Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Koch v. City of Hutchinson, 814 F.2d 1489, 1495 (10th Cir. 1987). Thus, Plaintiff may not recover punitive damages from the Village of Loving. Furthermore, because an official capacity suit is the equivalent of a suit against the governmental entity, Plaintiff may not recover punitive damages from Montez in his official capacity. See Ivani Contracting Corp. v. City of New York, 103 F.3d 257, 262 (2d Cir. 1997); Mitchell v. Dupnik, 75 F.3d 517, 527 (9th Cir. 1996); Colvin v. McDougall, 62 F.3d 1316, 1319 (11th Cir. 1995); Hill v. Shelander, 924 F.2d 1370, 1374 (7th Cir. 1991). Plaintiff may, however, recover punitive damages under § 1983 against Montez in his individual capacity, if she can show that Montez's conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). The complaint alleges that Defendants actions "were deliberate and intentional" and seeks punitive damages to "deter future wrongful and deliberate and indifferent conduct." Because Plaintiff alleges

7

intentional wrongful and indifferent conduct, the claim for punitive damages against Montez, in his individual capacity only, survives the 12(b)(6) motion to dismiss.

Finally, because the NMTCA explicitly precludes an award for "exemplary or punitive damages" against a governmental entity or a public employee, Plaintiff may not recover punitive damages from either Defendant for the claims brought pursuant to the NMTCA. N.M. Stat. Ann. 41-4-19(B) (Michie 1978); see also Folz v. State, 797 P.2d 246, 254 (N.M. 1990).

Accordingly,

IT IS HEREBY ORDERED that Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff's claims for punitive damages under the New Mexico Tort Claims Act are stricken from the complaint.

IT IS FURTHER ORDERED that Plaintiff's claims for punitive damages under 42 U.S.C. § 1983 against the Village of Loving and Ruben Montez, in his official capacity only, are stricken from the complaint.

Defendants' motion to dismiss is DENIED in all other respects.

So ordered this 23rd day of March, 1999.

Bobby R. Baldock  
UNITED STATES CIRCUIT JUDGE  
Sitting by Designation